1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                                    **DISTRICT OF NEVADA**

10

11

CURTIS BARKER,                                    )

12                                                )

                    Petitioner,                   )        2:11-cv-00440-JCM-CWH

13                                                )

vs.                                               )        **ORDER**

14                                                )

WARDEN PALMER, *et al.*,                          )

15                                                )

                    Respondents.                  )

16  _____/

17

            This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

18

by a Nevada state prisoner.  Before the court is respondents' motion to dismiss the petition.  (ECF

19

No. 7).

20

**I.  Procedural History**

21

            On June 30, 2000, petitioner was indicted and charged with murder with the use of a deadly

22

weapon and robbery with use of a deadly weapon.  (Exhibit 4).  Petitioner went to trial and the jury

23

found him guilty of murder in the first degree with the use of a deadly weapon, but not guilty of

24

robbery.  (Exhibit 31).  The state district court conducted a penalty hearing and the jury returned a

25

sentence of life in prison without the possibility of parole.  (Exhibits 34).  A judgment of conviction

26

1  was filed on April 24, 2001, sentencing petitioner to two consecutive terms of life in prison without

2  the possibility of parole for the murder conviction and the enhancement for the use of a deadly

3  weapon.  (Exhibit 37).

4      Petitioner filed a timely notice of appeal on May 31, 2001.  (Exhibit 38).  On direct appeal, in

5  an opinion dated July 11, 2002, the Nevada Supreme Court reversed petitioner's conviction and

6  remanded the case to the state district court for further proceedings.  (Exhibit 56).

7      On remand in the state district court, petitioner and the state negotiated a resolution of the

8  case.  Petitioner agreed to plead guilty to one count of first degree murder, and the state agreed to

9  drop the deadly weapon enhancement and stipulated to a single life sentence with the possibility of

10  parole after twenty years was served.  (Exhibit 64A).  The state district court accepted the plea

11  agreement, imposed the sentence agreed upon, and entered an amended judgment of conviction, filed

12  January 16, 2003.  (Exhibit 66).  Petitioner did not pursue an appeal of the amended judgment.

13      On February 2, 2010, more than seven years after the state district court's entry of the

14  amended judgment of conviction, petitioner filed a post-conviction habeas corpus petition in state

15  district court.  (Exhibit 68).  Petitioner asserted two grounds for relief in his state habeas petition.

16  First, he claimed ineffective assistance of counsel based on counsel advising him to plead guilty

17  "without first advising [Barker] of his statutory right to the insanity defense, without first obtaining a

18  psychiatrist to evaluate [Barker's] mental state at the time of the alleged crime, and without first

19  obtaining a psychiatrist to assist him in the evaluation, preparation, and presentation of the insanity

20  defense/and or to assist at sentencing."  (Exhibit 68, at pp. 8-9).  In the second ground, petitioner

21  asserted ineffective assistance of counsel because "trial counsel knowingly allowed Barker to plead

22  guilty while he was mentally incompetent."  (Exhibit 68, at p. 10).  The state moved to dismiss the

23  petition, and petitioner opposed.  (Exhibits 71 & 72).  By written order filed September 24, 2010, the

24  state district court denied the petition as untimely under NRS 34.726 and barred by latches under

25  NRS 34.800.  (Exhibit 73).  Petitioner filed a notice of appeal on October 14, 2000.  (Exhibit 75).

26

2

1   On February 9, 2011, the Nevada Supreme Court filed an order affirming the state district court's

2   denial of the petition.  (Exhibit 82).  Remittitur issued on March 15, 2011.

3         Petitioner dispatched his federal habeas corpus petition to this court on March 18, 2011.

4   (ECF No. 5, at p. 1).  Petitioner's federal petition contains the same two claims raised in his state

5   habeas petition.  (ECF No. 5 at pp. 3-6; Exhibit 68, at pp. 8-10).  Respondents have filed a motion to

6   dismiss the petition.  (ECF No. 7).  Petitioner has filed no response to the motion to dismiss.  The

7   certificate of service attached to respondents' motion to dismiss indicates that respondents served

8   petitioner with the motion to dismiss at his address of record, at the Northern Nevada Correctional

9   Center.  (ECF No. 7, at p. 6).

10  **II.  Discussion**

11        **A.  Petition is Untimely under the AEDPA**

12        Respondents argue that the federal habeas petition filed in this court is untimely.  The

13  Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal

14  habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas

15  corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

16              (d)(1) A 1-year period of limitation shall apply to an application
                for a writ of habeas corpus by a person in custody pursuant to the
17              judgment of a State court.  The limitation period shall run from
                the latest of–

18

19              (A) the date on which the judgment became final by the
                conclusion of direct review or the expiration of the time
                for seeking such review;

20

21              (B) the date on which the impediment to filing an
                application created by State action in violation of the
                Constitution or laws of the United States is removed, if the
22              applicant was prevented from filing by such State action;

23              (C) the date on which the constitutional right asserted was
                initially recognized by the Supreme Court, if the right has
24              been newly recognized by the Supreme Court and made
                retroactively applicable to cases on collateral review; or

25

26

3

1
      (D) the date on which the factual predicate of the claim or
2
      claims presented could have been discovered through the
      exercise of due diligence.

3
      (2) The time during which a properly filed application for State
4
      post-conviction or other collateral review with respect to the
      pertinent judgment or claim is pending shall not be counted
5
      toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).
6

7
    The United States Supreme Court has held that a habeas petitioner's state post-conviction

8
petition, which was rejected by the state court as untimely under the statute of limitations, is not

9
"properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations

10
period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).   The Court in *Pace v. DiGuglielmo* held

11
as follows:

12
      In common understanding, a petition filed after a time limit, and which
      does not fit within any exceptions to that limit, is no more "properly filed" than a
13
      petition filed after a time limit that permits no exception.

14
                           * * *

15
      What we intimated in *Saffold* we now hold: When a postconviction
      petition is untimely under state law, "that [is] the end of the matter" for the
16
      purposes of § 2244(d)(2).

17
*Id.* at 413-14.

18
    In the present case, the state district court entered petitioner's amended judgment of

19
conviction on January 16, 2003.  (Exhibit 66).  Because petitioner did not file a notice of appeal after

20
the entry of the amended judgment of conviction, his conviction became final for purposes of the

21
AEDPA on February 15, 2003. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 652-56 (2012) (when a

22
petitioner does not pursue a direct appeal, his conviction becomes final for purposes of the AEDPA

23
when the time for obtaining review in the state courts expires); *see also* Nev. R. App. P. 4(b)(1(A)

24
(criminal defendant has "30 days after entry of the judgment" to file a notice of appeal, which vests

25
the Nevada Supreme Court with appellate jurisdiction).  Pursuant to the AEDPA, petitioner then had

26

1 | one year, until February 15, 2004, to file the federal habeas petition, unless the time was otherwise

2 | tolled by federal statute.  *See* 28 U.S.C. § 2244(d)(1),(2).

3 |  A properly filed state post-conviction petition tolls the statute of limitations.  28 U.S.C.

4 | § 2244(d)(2).  A state post-conviction petition that violates the state statute of limitations is not

5 | "properly filed" for purposes of  28 U.S.C. § 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 412-

6 | 16 (2005).  Petitioner filed the state post-conviction habeas petition on February 2, 2010.  (Exhibit

7 | 68).  The state district court denied the petition as untimely under NRS 34.726 and barred by latches

8 | under NRS 34.800.  (Exhibit 73).  The Nevada Supreme Court's order of affirmance held that

9 | petitioner's state habeas petition was untimely pursuant to NRS 34.726 and barred by latches under

10 | NRS 34.8000.  (Exhibit 82).  Thus, petitioner's February 2, 2010 state habeas petition was not a

11 | "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C.

12 | § 2244(d)(2).  The time period during which petitioners' state habeas petition was pending in state

13 | court is not statutorily tolled.

14 |  Petitioner dispatched the federal habeas petition to this court on March 18, 2011.[1]  (ECF No.

15 | 5, at p. 1).  As stated above, the AEDPA statute of limitations expired on February 15, 2004.  The

16 | federal petition is untimely by over seven years.  The untimely federal petition is subject to

17 | dismissal, absent equitable tolling.

18 |  The United States Supreme Court has held that the AEDPA's statute of limitations "is subject

19 | to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  The

20 | Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that

21 | he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

22 | way' and prevented timely filing."  *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544

23 | U.S. 408, 418 (2005)).  In making a determination on equitable tolling, courts must "exercise

24 |

---

[1] The federal petition indicates that petitioner mailed his petition on March 18, 2011.  (ECF No. 5, at p. 1).  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

25 |

26 |

1   judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often

2   hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130

3   S.Ct. at 2563.

4         In the instant case, petitioner did not file a response to the motion to dismiss. As such,

5   petitioner did not present this court with arguments for equitable tolling. On review of the petition, it

6   also does not provide any explanation or argument for equitable tolling. (ECF No. 5). Petitioner has

7   failed to make any showing that he pursued his rights diligently and that any extraordinary

8   circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to

9   equitable tolling and the petition must be dismissed as untimely.

10        **B. Petition is Procedurally Barred**

11        Respondents further argue that all claims in the petition were procedurally defaulted in state

12   court, and therefore are barred from review by this court.

13        **1. Procedural Default Principles**

14        "Procedural default" refers to the situation where a petitioner in fact presented a claim to the

15   state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

16   A federal court will not review a claim for habeas corpus relief if the decision of the state court

17   regarding that claim rested on a state law ground that is independent of the federal question and

18   adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

19        The *Coleman* Court stated the effect of a procedural default, as follows:

20             In all cases in which a state prisoner has defaulted his federal claims in
               state court pursuant to an independent and adequate state procedural
21             rule, federal habeas review of the claims is barred unless the prisoner
               can demonstrate cause for the default and actual prejudice as a result of
22             the alleged violation of federal law, or demonstrate that failure to
               consider the claims will result in a fundamental miscarriage of justice.

23

24

25

26

6

1    *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural

2    default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

3    federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

4           To demonstrate cause for a procedural default, the petitioner must be able to "show that some

5    *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.

6    *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have

7    prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

8    Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.

9    *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause

10   requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented

11   to the state courts.  *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance

12   of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*,

13   529 U.S. 446, 453 (2000).

14          With respect to the prejudice prong of cause and prejudice, the petitioner bears:

15             the burden of showing not merely that the errors [complained of]
               constituted a possibility of prejudice, but that they worked to his actual
16             and substantial disadvantage, infecting his entire [proceeding] with
               errors of constitutional dimension.
17
     *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170
18
     (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner
19
     suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d
20
     528, 530 n.3 (9th Cir. 1988).
21
                    **2. Petitioner's Claims were Procedural Defaulted in State Court on Independent**
22                  **and Adequate State Grounds**

23          Petitioner's federal petition contains the same two claims raised in his state habeas petition.

24   (ECF No. 5 at pp. 3-6; Exhibit 68, at pp. 8-10).  First, he claimed ineffective assistance of counsel

25   based on counsel advising him to plead guilty "without first advising [Barker] of his statutory right to

26

the insanity defense, without first obtaining a psychiatrist to evaluate [Barker's] mental state at the time of the alleged crime, and without first obtaining a psychiatrist to assist him in the evaluation, preparation, and presentation of the insanity defense/and or to assist at sentencing." (ECF No. 5, at pp. 3-4; Exhibit 68, at pp. 8-9).  In the second ground, petitioner asserted ineffective assistance of counsel because "trial counsel knowingly allowed Barker to plead guilty while he was mentally incompetent." (ECF No. 5, at p. 6; Exhibit 68, at p. 10).  By written order filed September 24, 2010, the state district court denied the petition as untimely under NRS 34.726 and barred by latches under NRS 34.800.  (Exhibit 73).  On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court found these claims procedurally defaulted.  (Exhibit 82).  In affirming the state district court's denial of the petition, the Nevada Supreme Court cited NRS 34.726(1) and ruled that the petition was untimely filed.  (Exhibit 82, at p. 1).  The Nevada Supreme Court further affirmed the state district court's finding that the petition failed to rebut the presumption of prejudice that arises under the latches bar of NRS 34.800.  (Exhibit 82, at pp. 2-3).

 The state courts' application of the procedural bars at issue in this case – NRS 34.726(1) and NRS 34.800 – were decided on independent and adequate state grounds.  *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996).  As such, this federal court is barred from considering the claims in the federal petition that were procedurally defaulted in state court.  *See Coleman v. Thompson*, 501 U.S. at 730-31.

### 3. Cause and Prejudice

As noted earlier in this order, petitioner failed to oppose the motion to dismiss.  Petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to file his petition in a timely manner.  Neither the petition itself, nor petitioner's other filings address the procedural default of the claims in his petition or assert any argument of cause and prejudice to excuse the procedural default.

1    This court notes that, in its order affirming the state district court's denial of the state habeas

2  petition as untimely and barred by latches, the Nevada Supreme Court considered petitioner's

3  argument that he had cause to excuse the delay because he was mentally incompetent due to a bipolar

4  disorder.  The Nevada Supreme Court noted that "petitioner attached copies of 1995 and 2000

5  documents showing his mental health problems and asserted that it was only in 2010 that he regained

6  competency due to adequate mental health care at his new facility." (Exhibit 82, at p. 2).  The

7  Nevada Supreme Court held: "The documents from 1995 and 2000 are not newly discovered as they

8  pre-date his judgment of conviction in this case, and thus, any claim relating to his competence in the

9  trial proceedings was reasonably available to be raised in a timely petition." (*Id.*).  The Nevada

10  Supreme Court held that:  "Further, the documents do not demonstrate that he was mentally

11  incompetent during the time period in question." (*Id.*).

12    In an abundance of caution, this court has independently reviewed the documents attached to

13  petitioner's state habeas petition which are referenced in the Nevada Supreme Court's order.

14  (Exhibit 68, Exhibits 1-3).  Exhibit 1 to the state petition is a discharge summary by Dr. Patricia E.

15  Hogan, dated October 15, 1995, from Heartland Health Systems in St. Joseph, Missouri.  (Exhibit

16  68, at Exhibit 1).  The discharge summary indicates that petitioner suffered from paranoid

17  schizophrenia, and that he was being medicated for his mental condition.  The discharge summary

18  noted that petitioner would benefit from further mental health care, but determined that there was no

19  evidence that a 96-hour hold was necessary.  To the extent that petitioner may assert this document

20  to support an argument that his mental illness is sufficient "cause" to excuse the procedural default,

21  this court rejects the argument because the 1995 discharge summary does not demonstrate that

22  petitioner was mentally ill during the relevant time period in which he could have filed a timely

23  petition.

24    Exhibit 2 to the state petition is a psychiatric evaluation by Dr. Dodge A. Slagle, dated June

25  10, 2000.  The evaluation notes that petitioner suffered from bipolar disorder, but indicates that

26

9

1   petitioner was competent to stand trial and assist his attorney in the defense of his case.  To the

2   extent that petitioner may assert this document to support an argument that his mental illness is

3   sufficient "cause" to excuse the procedural default, this court rejects the argument because the June

4   2000 evaluation does not demonstrate that petitioner was mentally ill during the relevant time period

5   in which he could have filed a timely petition.

6          Exhibit 3 to the state petition is petitioner's own affidavit, dated January 27, 2010, in which

7   he claims that he "was mentally incompetent and unable to litigate my habeas corpus proceedings

8   from January 16, 2003 until January 23, 2010."  (Exhibit 68, at Exhibit 3, p. 1).  Petitioner's affidavit

9   goes on to state that: "I am now competent . . . " (*Id.*, at Exhibit 3, p. 2).  To the extent that petitioner

10  may assert this document to support an argument that his mental illness is sufficient "cause" to

11  excuse the procedural default, this court rejects petitioner's self-serving affidavit.  Petitioner

12  presented no psychiatric evaluations or other documents to substantiate his self-serving claim that he

13  was mentally incompetent and unable to litigate his petition from January 16, 2003 through January

14  23, 2010.  Petitioner's affidavit does not demonstrate that he was mentally ill during the relevant

15  time period in which he could have filed a timely petition.

16         In summary, this court finds that all grounds of the petition were procedurally defaulted in

17  state court on independent and adequate state law grounds.  Petitioner has failed to show cause and

18  prejudice to excuse the procedural bar.  Moreover, nothing in the federal petition, the state petition,

19  or the state court record demonstrates cause and prejudice to excuse the procedural bar.  Nor does

20  anything in the petition or the state court record demonstrate that the failure of this court to consider

21  petitioner's claims will result in a fundamental miscarriage of justice.  As such, the federal petition is

22  procedurally barred from review by this court, and will be dismissed.  *Coleman*, 501 U.S. at 750; *see*

23  *also Murray v. Carrier*, 477 U.S. at 485.

24  / / / / / / / / /

25  / / / / / / / / /

26

**III.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 7) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated January 31, 2013.

_____
UNITED STATES DISTRICT JUDGE

11